IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONNIE W. WATKINS AND TERESA H. WATKINS, | § § § | |
| PLAINTIFFS, | § § | |
| v. | § § | CIVIL ACTION NO: 2:18-cv-00028 |
| UNION PACIFIC RAILROAD COMPANY, | § § § § | |
| DEFENDANT | § § | |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S
MOTION TO DISMISS UNDER RULE 12(b)(6)**

Pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), Defendant Union Pacific Railroad Company ("Union Pacific") moves the Court for an Order dismissing Plaintiffs Ronnie W. Watkins and Teresa H. Watkins' ("Plaintiffs") claims on the grounds that they have failed to state a claim upon which relief can be grated.

**I.     Background**

Accepting the facts contained within Plaintiffs' Original Petition as true, this case involves land located in Live Oak County, Texas.  In 2001, Plaintiffs purchased a 575-acre ranch in Live Oak County, Texas.  Doc. 1, Ex. A at ¶ 7.  In 2007, Plaintiffs purchased an adjacent 73-acre tract of land.  *Id.*  In sum, the property in question is approximately 650 acres.  *Id.*

The Plaintiffs state that Union Pacific has a railroad right-of-way that bisects their property. *Id.* at ¶ 8.  Plaintiffs allege that the "Front Half" of their property has access to a highway, but the "Back Half" is landlocked.  *Id.*  Plaintiffs contend they are entitled to an easement by necessity across Union Pacific's railroad right-of-way.

1

Plaintiffs brought this action seeking damages and declaratory judgment. As demonstrated herein, Union Pacific is entitled to dismissal of all claims asserted against it for substantive and procedural reasons. First, the Plaintiffs have failed to adequately plead facts to establish a plausible claim of easement by necessity. Second, Plaintiffs' claim for attorneys' fees under the Texas Declaratory Judgment Act is not applicable in federal court. As a result, Plaintiffs' Petition must be dismissed.

## II.     Legal Standard

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

A court "'will not strain to find inferences favorable to the plaintiffs' and [the court] will not accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). "The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim." *RBH Energy, LLC v. BGC Partners, Inc.*, No. 3:17-CV-121-L, 2018 WL 318474, at *2 (N.D. Tex. Jan. 8, 2018) (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004)).

Under the *Erie* Doctrine, federal courts apply state law to substantive issues and apply federal law to procedural matters. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The Declaratory Judgment Act "is procedural for *Erie* purposes: 'a party may not rely on the Texas [Declaratory Judgment Act] to authorize attorney's fees in a diversity case because the statute is not substantive law.'" *Camacho v. Texas Workforce Comm'n*, 445 F.3d 407, 410 (5th Cir. 2006) (quoting *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)).

### III.  Argument

**A. Plaintiffs Have Failed to Plead Sufficient Facts to Establish Easement by Necessity**

Plaintiffs' Petition makes only conclusory allegations regarding their alleged easement by necessity over Union Pacific's railroad right-of-way. Plaintiffs' claim for easement by necessity is not plausible based on the face of the Petition. As a result, Plaintiffs' Petition must be dismissed.

Under Texas law, "[t]o successfully assert a necessity easement, the party claiming the easement must demonstrate: (1) unity of ownership of the alleged dominant and servient estates prior to severance; (2) the claimed access is a necessity and not a mere convenience; and (3) the necessity existed at the time the two estates were severed." *Hamrick v. Ward*, 446 S.W.3d 377, 382 (Tex. 2014) (citation omitted). "[A] party seeking an easement by necessity must prove strict, rather than reasonable necessity." *Union Pac. R.R. Co. v. Seber*, 477 S.W.3d 424, 431 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Hamrick*, 446 S.W.3d at 384). An easement by necessity ends when the necessity ends, so the easement must have been necessary at all times from the moment it was created until the present time. *Id.* at 382. "The party claiming a necessity easement has the burden to prove all facts necessary to establish it." *Staley Family P'ship, Ltd. v. Stiles*, 483 S.W.3d 545, 548 (Tex. 2016).

"A railroad right-of-way differs from a typical easement because the railroad has a possessory interest in the right-of-way to the exclusion of others, including the titleholder of the property." *State v. Beeson*, 232 S.W.3d 265, 276 (Tex. App.—Eastland 2007, pet. dism'd). "[A] railroad's right-of-way is more similar to a fee interest than a typical easement." *Id.* at 277.

Plaintiffs' Petition sets forth little to no facts to establish an easement by necessity. Plaintiffs failed to plead sufficient facts to establish unity of prior ownership, and subsequent severance by Union Pacific's right-of-way as required under Texas law. In fact, the only facts concerning ownership alleged in the Petition are that the Plaintiffs purchased part of their land in 2001 and 2007 and Union Pacific possesses a railroad right-of-way. *See* Doc. 1, Ex. A at ¶¶ 7,8. In addition, Plaintiffs did not provide facts to demonstrate a strict necessity, rather than a mere inconvenience. Plaintiffs assert that the Back Half of their property is "landlocked," but allege sparingly little about what is meant by this conclusory assertion. *Id.* at ¶8. Plaintiffs allege that the Back Half has "no apparent legal access to the highway" that services the Front Half. *Id.* at ¶9. However, Plaintiffs do not allege that the Back Half has no access to any public road. Plaintiffs have not pled any facts to demonstrate the alleged necessity existed at the time the two estates were severed. Finally, Plaintiffs have not pled any facts to demonstrate that the alleged necessity continued at all times since it was created. *Hamrick*, 446 S.W.3d at 382.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). Because Plaintiffs' Petition is void of facts to establish a plausible right to easement by necessity, the Petition must be dismissed for failure to state a claim.

## B. Plaintiffs' Claim for Attorneys' Fees Under the Texas Declaratory Judgment Act Must Be Denied

The Texas Declaratory Judgment Act "does not apply in federal district court." *Camacho*, 445 F.3d at 413; *Utica Lloyd's of Tex. V. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). The Fifth Circuit has held that the Texas Declaratory Judgment Act is procedural and not substantive, therefore; the federal courts will not apply it in diversity cases. *Utica Lloyd's of Tex.*, 138 F.3d at 210; *see also Rodriguez v. Bank of Am. N.A.*, No. 4:16-CV-194, 2016 WL 4718177, at *6 (S.D. Tex. Aug. 8, 2016); *James v. Wells Fargo Bank*, N.A., 2014 WL 2123060, at *8 (S.D. Tex. May 21, 2014) (citing *Falk v. Wells Fargo Bank*, 2011 WL 3702666, at *4 (N.D. Tex. Aug 19, 2011)).

Plaintiffs' request for attorneys' fees under the Texas Declaratory Judgment Act must be dismissed because the Texas Declaratory Judgment Act does not apply in federal court.

## IV.   Conclusion

For the reasons set forth above, Defendant Union Pacific Railroad Company respectfully request that all claims asserted against it in the Petition be dismissed with prejudice.

Respectfully submitted,

*/s/ David George*
David George
Federal ID No. 19330
Texas Bar No. 00793212
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 980-1700
Facsimile: (713) 980-1701
dgeorge@bakerwotring.com

**ATTORNEY IN CHARGE FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY**

OF COUNSEL:

BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 980-1700
Facsimile: (713) 980-1701

CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER LLP
Austin L. McKillip
Nebraska Bar No. 23212 *(application for admission submitted)*
Jordan R. Hasan
Nebraska Bar No. 25468 *(application for admission submitted)*
233 South 13th Street
1900 US Bank Building
Lincoln, NE 68508
Telephone: (402) 479-7154
Facsimile: (402) 474-5393
amckillip@clinewilliams.com
jhasan@clinewilliams.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on 2nd day of February, 2018, a true and correct copy of the foregoing instrument was served on the following counsel of record through the Court's ECF system:

>Glenn A. Ballard, Jr.
>DENTONS US LLP
>1221 McKinney Street, Suite 1900
>Houston, Texas 77010
>glenn.ballard@dentons.com

>>/s/ *David George*
>>David George

4837-1503-2667, v. 1