United States District Court
Southern District of Texas
**ENTERED**
February 06, 2018
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Ronnie W. Watkins, et al | § | |
| | § | |
| v. | § | Civil Action No. C-18-00028 |
| | § | |
| Union Pacific Railroad Company | § | |

## ORDER FOR RULE 16 CONFERENCE
## AND
## DISCLOSURE OF INTERESTED PARTIES

1.    This case has been assigned to Senior U.S. District Judge Hayden Head.

2.    The Court requires plaintiff(s) to serve the complaint and this order and its attachments on defendant(s) promptly. Failure of plaintiff(s) to serve within **90** days after the filing of the complaint may result in dismissal of this action by the Court on its own initiative.

3.    Counsel for each party or Pro Se Party shall appear in court before Judge Head for an Initial Pretrial Conference on:

<strong><u>April 4, 2018</u> , at <u>10:40 a.m.</u>,<br>
at United States District Courthouse<br>
1133 North Shoreline Blvd.<br>
Corpus Christi, Texas 78401</strong>

4.    At the Initial Pretrial Conference, the Court and parties will establish a scheduling order. F. R. Civ. Proc. 16. A proposed scheduling order is attached with suggested dates.

5.    The parties are ordered to meet and prepare a Joint Report and Discovery Plan as required by F. R. Civ. Proc. 26 and the attached form. This Report and Plan must be filed no later than **14** days before the Initial Pretrial Conference.

6.    <u>Pro Se Litigants</u> are equally bound by the requirements imposed upon counsel in this Order.

7.    Counsel who file(s) or remove(s) an action must serve a copy of this Order for Conference and Disclosure of Interested Parties and its attachments with the summons and complaint or with the notice of removal.

8.    Attendance by an attorney who has authority to bind the party is required at the Initial Pretrial Conference.

9.      Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the Pretrial Conference shall advise the Court of the results of their discussions.

10.     In order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, all parties must comply with General Order 2003-4 of this Court by refraining from including, or redacting where inclusion is necessary, the following personal identifiers from all pleadings filed with the Court, including exhibits thereto, whether filed electronically or in paper form, unless otherwise ordered by the Court:

      a.      <u>Social Security Numbers</u>.  If an individual's social security number must be included in a pleading, only the last four digits of that number should be used.

      b.      <u>Names of minor children</u>.  If the involvement of a minor must be mentioned, only the initials of that child should be used.

      c.      <u>Dates of birth</u>.  If an individual's date of birth must be included in a pleading, only the year should be used.

      d.      <u>Financial account numbers</u>.  If financial account numbers are relevant, only the last four digits of these numbers should be used.

General Order 2003-4 does not apply to social security and financial account numbers in Bankruptcy Court filings, and does not apply to any cases brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

11.     Counsel for each party shall file with the clerk within fifteen (**15**) days of the receipt of this Order by the Court, a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested  in the outcome of this litigation.  If a group can be specified by a general description, individual listing is not necessary.  <u>Underline the name of each corporation whose securities are publicly traded</u>.  If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

*By Order of the Court*

2

**Instructions for Preparation of the**
**Joint Report of the Meeting and Joint Discovery/Case Management Plan**
**Under Federal Rule of Civil Procedure 26**

FED. R. CIV. P. 26 is applicable in this district and division.  This Rule provides for required disclosures and discovery planning.  The parties are ordered to familiarize themselves with Rule 26 and to prepare a report of their meeting and a case management plan as required by the Rule.

Please restate the following instructions when providing the requested information.

1.  State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.

2.  List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.

3.  <u>Briefly</u> describe the pertinent facts and legal theories upon which the present action is based.

4.  Specify the allegation of federal jurisdiction.  Indicate whether the parties agree or disagree to the allegation.  If the parties disagree, indicate the nature of the disagreement.

5.  List any additional parties that may be included, when they can be added, and which party desires to bring them into the litigation.  In diversity jurisdiction cases, this item is intended to trigger the disclosure requirement of TEX. CIV. PRAC. & REM. CODE § 33.004(d) (effective September 1, 2011) and TEX. R. CIV. P. 194.2(b).

6.  List any anticipated interventions.

7.  If this is a class action, describe any issues regarding certification of the class.

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

9.  Describe the proposed discovery plan the parties have agreed upon, including:

    A.  Responses to all the matters raised in Rule 26(f).

    B.  When and to whom Plaintiff(s) anticipate(s) sending interrogatories.

    C.  When and to whom Defendant(s) anticipate(s) sending interrogatories.

    D.  When and from whom Plaintiff(s) anticipate(s) taking oral depositions.

1

E.    When and from whom Defendant(s) anticipate(s) taking oral depositions.

F.    When Plaintiff(s) (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

G.    List expert depositions Plaintiff(s) (or the party or parties with the burden of proof on an issue) anticipate(s) taking and their anticipated completion date.

H.    List expert depositions the opposing party or parties anticipate(s) taking and their anticipated completion date.

10.    If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.

11.    Specify the discovery, beyond initial disclosures, that has been undertaken to date.

12.    State the date the planned discovery can reasonably be completed.

13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution.  Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.

14.    If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials. Indicate whether or not all parties consent to a trial before a Magistrate Judge. (YES/NO)

15.    State whether a jury demand has been made, and if so, whether it was made on time.

16.    Specify the combined total number of hours it will take both parties to present the evidence in this case.

17.    List pending motions that could be ruled on at the Initial Pretrial Conference.

18.    List other pending motions.

19.    Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Initial Pretrial Conference.

20.    Certify that all parties have filed Certificates of Interested Parties—as directed in the Order of Conference and Disclosure of Interested Parties—listing the date of filing for the originals and any amendments to the Certificates.

21.    List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and pro se parties.

2

*By each of our signatures below, Counsel represent that each understands that the Court will rely on these representations in entering its Scheduling Order.*

_____          _____

Counsel for Plaintiff(s)                               Date

_____          _____

Counsel for Defendant(s)                             Date

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **Ronnie W. Watkins, et al** | § | |
| | § | |
| **v.** | § | **Civil Action No. C-18-00028** |
| | § | |
| **Union Pacific Railroad Company** | § | |

## SCHEDULING ORDER

1.    **JURY SELECTION/TRIAL** is set for **February 4, 2019 at 8:30 a.m.**

2.    The deadline for **JOINDER OF PARTIES** AND **AMENDMENT OF PLEADING** is **May 2, 2018**. This provision does not relieve the parties from the requirement of obtaining leave to file the pleading or add parties whenever required by the Federal Rules of Civil Procedure.

3.    **DESIGNATION OF EXPERTS BY PLAINTIFFS** is not later than **June 1, 2018**. **DESIGNATION OF EXPERTS BY DEFENDANTS** is not later than **July 2, 2018**. Written reports by experts under FED. R. CIV. P. 26 shall be filed with designations.

4.    **DISCOVERY** ends on **October 29, 2018.**

5.    The deadline for filing all **DISPOSITIVE AND DAUBERT MOTIONS** is on **July 31, 2018**.  Briefs are limited to **twenty (20) pages** exclusive of exhibits.  If deposition testimony is attached as an exhibit, it shall be submitted in the condensed form, i.e., four pages to one page.

6.    The original and one copy of the parties' **JOINT PRETRIAL ORDER** shall be filed no later than **January 7, 2019**.  Plaintiff(s) will be responsible for the filing of a Joint Pretrial Order, signed by the attorney trying the case.  Use the form set out in Appendix B of the Local Rules of the Southern District of Texas.  Plaintiff(s) shall allow all parties at least **fifteen (15) business days** for review and contribution.

7.    **FINAL PRETRIAL CONFERENCE** is set for **January 17, 2019 at 10:00 a.m.**  The attorney trying the case for each party is required to be present.

8.    The dates are proposed.  With good cause, the parties may revise the dates subject to approval by the Court.

1

**ORDERED** this _____ day of _____ 2018.


_____
**HAYDEN W. HEAD, JR.**
**SR. UNITED STATES DISTRICT JUDGE**

2