**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| RONNIE W. WATKINS AND § <br> TERESA H. WATKINS, § <br> § <br> PLAINTIFFS, § <br> § <br> V. § <br> § <br> UNION PACIFIC § <br> RAILROAD COMPANY, § <br> § <br> DEFENDANTS. § | CIVIL ACTION NO: 2:18-CV-00028 |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS
UNDER RULE 12(B)(6) AND MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Ronnie W. Watkins and Teresa H. Watkins (the "Watkins" or "Plaintiffs") file this response to Defendant's Motion to Dismiss under Rule 12(b)(6) (the "Motion") and ask that the Court grant the Plaintiffs summary judgment on its declaratory judgment action.

**I.   Summary**

1.   Plaintiffs first filed suit in Live Oak County against Defendant Union Pacific Railroad Company ("Defendant") for declaratory judgment to obtain an easement by necessity. Plaintiffs' property was bisected by Union Pacific's railroad right-of-way (the "Right of Way").

2.   Defendant filed a Notice of Removal (Dkt. No. 1) and the case has now been transferred to this court. Defendant then filed a Motion to Dismiss under Rule 12(b)(6) ("Defendant's Motion", Dkt. No. 2) on February 2, 2018.

3.   The Court should not only deny Union Pacific's Motion, but it should grant summary judgment in favor of the Watkins. The facts are simple and undisputed - Plaintiffs do not have roadway access to a public road for a portion of their land, and they are entitled to a declaratory judgment that provides them an easement by necessity as a matter of law.

**II.    Union Pacific's Motion should be denied.**

4.    The Court is well aware of the standard of review for a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss," a "Complaint need only include 'a short and plain statement of the claim showing that the pleader is entitled to relief'." *Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 700 (S.D. Tex. 2011), quoting Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations' are not required." *Id.*

5.    In this case, the Watkins have pleaded sufficient facts to show that they are entitled to move forward on their suit for declaratory judgment against Union Pacific.

6.    Union Pacific correctly identifies the elements for an easement by necessity in its motion. (1) unity of ownership of the alleged dominant and servient estates prior to severance; (2) the claimed access is a necessity and not a mere convenience; and (3) the necessity existed at the time the two estates were severed." *Hamrick v. Ward*, 446 S.W.3d 377, 382 (Tex. 2014).

7.    Plaintiffs' Original Petition provided sufficient facts to support an easement by necessity. They explained in their Original Petition that they own 650 acres of land in Live Oak County, Texas (the "Property"). Pls.' Orig. Pet. at ¶ 7. They also pleaded that Property has been bisected by Union Pacific's Right of Way. *Id.* at ¶ 8. Plaintiffs then pleaded, because they had no obligation to elaborate further, that the Property is landlocked. Those pleadings sufficiently state a cause of action for easement by necessity, but in an abundance of caution Plaintiffs have now timely filed Plaintiffs' First Amended Complaint within twenty-one (21) days of Defendant's Motion.

8.    The Plaintiffs have pleaded sufficient facts to survive Union Pacific's unfounded Motion, and the Motion should be denied.

**III.    Plaintiffs are entitled to summary judgment on their motion for declaratory judgment.**

9.    The Court should not only deny Union Pacific's Motion, but it should grant summary judgment in Plaintiffs' favor.

**A.    Summary Judgment standard**

10.    As this Court has explained, "[s]ummary judgment is appropriate where the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hernandez v. Dignity Mem'l Network, Inc.*, 2:13-CV-355, 2014 WL 5428663, at *2 (S.D. Tex. Oct. 24, 2014) (quoting Fed. R. Civ. P. 56). "A dispute of a material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." *Id.* In this case, there is no genuine issue of material fact and Plaintiffs are entitled to summary judgment.

**B.    Factual Background**

11.    The following facts are all supported by the verification of Ronnie W. Watkins (the "Watkins Declaration") attached as Exhibit 1 hereto, and incorporated by reference.

12.    The Watkins' property is described as follows:

> 576.828 acres of land, which is comprised of a portion of the John McGloin Survey, Abstract No. 27, and a portion of the John Hefferman Survey, Abstract No. 11, Live Oak County, Texas, approximately 6 miles north of the town of Three Rivers, Live Oak County, Texas.

13.    Of this 576.828 acres of land, approximately 475 acres (the "Back Half") is west of Union Pacific's railroad right-of-way (the "Right of Way"), and approximately 100 acres is east of the Right of Way with frontage on I-37 (the "Front Half").

14.    The Watkins bought an additional 73 acres of land in September 2007, making the "Front Half" approximately 178 acres in total.

3

15. The Front Half, Right of Way, and Back Half were once a united piece of property owned by one person, Sam Nave. Ex. 1, Watkins Decl. at ¶ 5. The Property was severed by the Right of Way in 1912. *Id.* at ¶ 6. The Back Half has no access to public roads. *Id.* at ¶ 7. Thus, all three elements for an easement by necessity exist in this case.

    **C.**    **The Watkins' property is entitled to an easement by necessity.**

16. In this case, all three elements are also easily met as a matter of law.

    **1.**    **There was unity of ownership before the severance.**

17. The two tracts were previously owned by Sam Nave. To establish unity of ownership the claimant must prove prior to severance, the claimant's grantor owned the dominant and servient estate as a unit or single tract. *See, Mitchell v. Castellaw*, 246 S.W.2d 163, 167 (1952).

18. In this case, there is unity of ownership, as the entire tract of land was owned by Sam Neve up to 1924 and was previously bisected by the Right of Way to Union Pacific. *See,* Deeds attached as Exhibits 3 and 4 from the real property records of Live Oak County. The Court can take judicial notice of these records.

    **2.**    **The easement is necessary, and not just sought for convenience.**

19. Again, as explained above, there is no access to a public roadway by the Back Half of the Property. The easement by necessity requested by the Watkins is one of strict necessity, rather than a mere inconvenience. The Watkins have been unable to sell their Property without the easement by necessity as alleged in Cause No. 16-0065-CV-C, *Ronnie Wade Watkins and Teresa H. Watkins v. Live Oak Title Company and Fidelity National Title Insurance Company, (Successor to Lawyers' Title Corporation)*, filed by the Watkins in the District Court of Live Oak County, Texas (the "Original Action"), and attached as Exhibit 2 to this motion. The Watkins specifically allege in the Original Action with respect to the Property that "perhaps 80%

had no access appurtenant to such land." Union Pacific has refused to grant access to users or purchasers of the Property from the Back Half across the Right of Way to the Front Half and, as a result, the Back Half remains inaccessible to public roadways.

### 3. The necessity existed at the time the two estates were severed.

20. This need for access to the public roadways has existed from the time Union Pacific first bisected the Property. This need did not emerge later in time - it has been a problem from the moment Union Pacific's railroad divided the land. *See,* Ex. 2, the Original Action. All of the claims in the Original Action are confirmed by the Watkins Declaration. Ex. 1. This evidence and the attached deeds (Exhibits 3 and 4) support summary judgment for the Plaintiffs for an easement by necessity.

## IV.  Conclusion

21. This is not a difficult case. Union Pacific cut off the Plaintiffs' access to the public roadways, barring ingress and egress from the Back Half of Plaintiffs' Property. Plaintiffs' situation is precisely why the State of Texas provides for easements by necessity.

22. For the foregoing reasons, Plaintiffs Ronnie and Teresa Watkins respectfully request that the Court deny Union Pacific's Motion and grant Plaintiffs' motion for summary judgment. Plaintiffs pray the Court will enter an order that entitles them to an easement by necessity. Plaintiffs also request all such other relief to which it may find themselves justly entitled.

Respectfully submitted,

**DENTONS US LLP**

By: */s/ Glenn A. Ballard, Jr.*
  Glenn A. Ballard, Jr.
  Federal Bar No.: 825
  State Bar No.: 01650200
  Mukul S. Kelkar
  Federal Bar No.: 1503770
  State Bar No.: 24063682
  glenn.ballard@dentons.com
  mukul.kelkar@dentons.com

1221 McKinney Street, Suite 1900
Houston, Texas  77010-2006
Telephone: (713) 658-4600
Facsimile:  (713) 739-0834
**Attorneys for Ronnie W. Watkins and Teresa H. Watkins**

**Certificate of Service**

I certify that a true and correct copy of the foregoing motion was served on all parties of record via the Court's ECF system on March 1, 2018.

  */s/ Mukul S. Kelkar*
  Mukul S. Kelkar

*Via ECF*

**Baker Wotring LLP**
David George (dgeorge@bakerwotring.com)
700 JP Morgan Chase Tower
600 Travis Street
Houston, Texas 77002

and

**Cline Williams Wright Johnson & Oldfather, LLP**
Austin L. McKillip (amckillip@clinewilliams.com)
Jordan R. Hasan (jhasan@clinewilliams.com)
233 South 13th Street
1900 US Bank Building
Lincoln, Nebraska 68508